IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CONNIE WHIGUM HAMILTON,
    Plaintiff,

vs.                                                    Case No. 3:09cv93/MCR/MD

STATE OF FLORIDA, et al.
    Defendant.

---

ORDER and
**REPORT AND RECOMMENDATION**

    Plaintiff, appearing pro se, has filed a pleading entitled "Motion for emergency action for review of case/change of jurisdiction for U.S. Appeals for an order/notifying lower court of decision/order of insolvency" along with several hundred pages of exhibits (doc.1), and a motion to proceed *in forma pauperis* modified from the form used to file such motions in the Supreme Court of the United States. (Doc. 3).

    The nature of the emergency action plaintiff seeks in her motion is unclear from the motion itself. She refers obliquely to a conflict with the parties, review by the United States Supreme Court, complaints about an appointed attorney, and a "petition for democracy." Attached to the two-page motion is the first page of the U.S. Supreme Court's form instructions guiding prospective indigent petitioners on how to file writs of certiorari.

    Rule 8 of the Federal Rules of Civil Procedure provides that the complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Subject-matter jurisdiction in federal court may be found under either 28 U.S.C. § 1331, federal question, or 28 U.S.C. § 1332, diversity. For federal question jurisdiction, Plaintiff must allege a violation of her constitutional rights or a right created under a federal

law. 28 U.S.C. § 1331. For diversity jurisdiction, plaintiff must allege that she and all defendants are citizens of different states and that the matter in controversy exceeds the jurisdictional amount set forth in the statute. 28 U.S.C. § 1332. There is no jurisdictional allegation in plaintiff's submission, and no discernible basis for jurisdiction.

A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *University of South Alabama v. American Tobacco Co.* 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. *Lovern*, 190 F.3d at 654 (citing *Gibbs v. Buck*, 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111 (1939)). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist. *Lovern*, 190 F.3d at 654 (citing *Thomas v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed.951 (1942); *Goldsmith v. Mayor & City Council of Baltimor*e, 845 F.2d 61, 64 (4th Cir. 1988)).

A cursory review of the voluminous attachments to plaintiff's motion reveal that she is a defendant in a criminal proceeding in Santa Rosa Circuit Court.[1] Plaintiff was involuntarily committed to the custody of the Department of Children and Families on August 7, 2008 after having been found incompetent to proceed due to mental illness. An order of conditional release was signed by Santa Rosa Circuit Judge Gary Bergosh on February 25, 2009, nunc pro tunc February 11, 2009. This order provided, among other things, that plaintiff was not to file pro se filings with the Clerk of Court (in Santa Rosa County Florida). She has filed multiple cases in that court, and has submitted copies of some of these cases as exhibits in this case. She has apparently also filed numerous pleadings and petitions with the Supreme Court of the United States, all of which were returned to her. Plaintiff was also ordered to have no contact with the victim and to maintain contact and work with defense counsel in her case.

---

[1]The Santa Rosa County Clerk's website reflects that plaintiff is charged with seven felony counts of making a false report of child abuse. See Santa Rosa Circuit Court Case 572006CR001875XXAXMX.

*Case No: 3:09cv93/MCR/MD*

Insofar as plaintiff seeks an order affecting the ongoing state proceeding in her case, the complaint is also subject to dismissal. Federal Courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *see also*, *Hicks v. Miranda*, 422 U.S. 332, 349 *(1975); Luckey v. Miller,* 976 F.2d 673 (11th Cir. 1992). Neither of those is present in this case.

Accordingly, it is ORDERED:

Plaintiff's motion for leave to proceed *in forma pauperis* (doc.3) is moot in light of the court's jurisdictional finding.

And based on the foregoing it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** and the clerk be directed to close the file.

At Pensacola, Florida, this 18th day of March, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**